IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

NEWPORT NEWS DIVISION

FILED
IN OPEN COURT

DEC 19 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 4:22CR97 |
| | ) | |
| HERMAN FLORAS, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

Comes now the United States and offers to the court that had the above-styled matter proceeded to trial the United States would have proven the following facts beyond a reasonable doubt.

1.  Since March 2020, Coast Guard Investigative Service, Chesapeake Region has supported the Drug Enforcement Administration (DEA) Hampton Post of Duty and Homeland Security Investigations Norfolk with joint investigations of maritime smuggling operations based in the eastern Pacific Ocean and throughout the Caribbean. Your affiant is aware that drug trafficking organizations will utilize vessels such as Go-Fast Vessels, hereafter referred to as GFV, to transport multi-hundred-kilogram shipments of narcotics from source countries to awaiting transfer vessels or other destinations with final distribution being the United States of America.

2.  On or about November 21, 2022, a Maritime Patrol Aircraft spotted a GFV operating approximately 53NM northwest of Malpelo Island, Colombia. United States Coast Guard Cutter (USCGC) CAMPBELL was patrolling nearby and diverted to intercept. USCGC CAMPBELL launched their small boat and helicopter. The GFV was observed displaying no

legitimate indicia of nationality with packages and fuel barrels on deck. USCGC CAMPBELL requested and USCG District 11 issued a Statement of No Objection to conduct a Right of Visit boarding on a vessel suspected of illicit maritime activity, including use of force up to and including warning shots and/or disabling fire on a vessel reasonably suspected of being without nationality, and displaying no legitimate indicia of nationality, located in international waters.

3. While requesting the Statement of No Objection, the USCGC CAMPBELL helicopter was counter-detected by the GFV and individuals onboard the GFV began to jettison packages from the deck into the water. USCGC CAMPBELL's small boat crew recovered one bale and continued pursuit. The helicopter utilized warning shots, which were ineffective. The helicopter then utilized disabling fire, which was effective.

4. The small boat arrived on scene and the boarding team gained positive control of the GFV. The boarding team reported there were nine persons on board, including eight Costa Rican nationals and one Nicaraguan national. The boarding team also reported there was no physical flag flown on the GFV, no registration documents, and no name on the hull, however, the Master claimed Costa Rican nationality for the vessel. Based on results of the Right of Visit boarding, USCGC CAMPBELL requested and USCG District 11 authorized the enactment of the United States/Costa Rica Bilateral Agreement and commenced a law enforcement boarding and forms exchange. Costa Rica could neither confirm nor deny the nationality of the vessel. USCG District 11 granted a Statement of No Objection to treat the GFV as without nationality.

5. USCGC CAMPBELL conducted IONSCAN swabs of the hands of the nine persons on board the GFV. The boarding team received positive IONSCAN results for cocaine from the persons on board. The GFV started taking on water, so the boarding team removed everyone from the GFV for safety. The boarding team removed additional bales from the GFV.

The boarding team conducted Narcotics Identification Kit (NIK) tests on the contents of the packages, yielding two presumptive positive NIK tests for marijuana. A total of 85 bales were recovered with an estimated weight of 5,626lbs of marijuana.

6. USCGC CAMPBELL requested and USCG District 11 authorized to detain the nine individuals, identified as Rodrick Foster MCLEAL, Edgar PEREZ-SAMUDIO, Danilo TUCRE, Atdil CHAVEZ, Sjurden GUTIERREZ, Yureeth BLAKE, Sadan Elijah MARTIN-PRUDO, Herman FLORAS, and Adrick CASTILLO. Initial records checks yielded no active wants or warrants, no criminal histories, and no encounter history at U.S. borders or equivalent ports of entry.

7. USCGC CAMPBELL requested and USCG District 11 granted authorization to sink the GFV as a hazard to navigation due to its distance from land, a lack of suitable tow points, disabled engines, and the vessel was slowly taking on water. USCGC CAMPBELL sank the GFV prior to departing the scene. All nine mariners found aboard the GFV were detained and were transferred to the Eastern District of Virginia for prosecution.

Respectfully submitted,
JESSICA D. ABER
UNITED STATES ATTORNEY

Eric M. Hurt
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, HERMAN FLORAS and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
HERMAN FLORAS

I am HERMAN FLORAS attorney, and I have carefully reviewed the above Statement of Facts with the defendant. To my knowledge, the decision to stipulate to these facts is an informed and voluntary one.

_____
~~Brandon Fellers~~
Attorney for HERMAN FLORAS

4